IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DUSTIN BOLIN and ROBERT BOWEN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No:_____ |
| ) | JURY DEMAND |
| RONALD BYRD, City of Pikeville Police Chief, ) | |
| *in his individual capacity,* ) | |
| ) | |
| DAVID DECKER, City of Pikeville Assistant ) | |
| Police Chief, *in his individual capacity,* and ) | |
| ) | |
| the CITY of PIKEVILLE, Tennessee ) | |
| ) | |
| *Defendants*. ) | |

## COMPLAINT

Comes now Dustin Bolin and Robert Bowen, plaintiffs, by and through undersigned counsel, and would state their complaint as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action brought under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America and Title 42 U.S.C. § 1983.

2. Plaintiffs bring this action to obtain compensatory damages, punitive damages, attorney's fees, costs, and other equitable relief stemming from two separate false arrests by City of Pikeville Police Chief Ronald Byrd and City of Pikeville Assistant

Police Chief David Decker.

## II. JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 *et seq*. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (a)(3)(4), as well as the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. This Court has supplemental jurisdiction to adjudicate state law claims, if any, which arise from the same facts and circumstances, pursuant to 28 U.S.C. § 1367(a).

5. Venue is properly laid before this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the events and acts complained of occurred within the Eastern District of Tennessee.

## III. PARTIES

6. Plaintiff, Dustin Bolin ("Bolin"), is a citizen and resident of Bledsoe County, Tennessee. During all times relevant to this complaint, Bolin was employed as a tree cutter and truck driver.

7. Plaintiff, Robert Bowen ("Bowen"), is a citizen and resident of Bledsoe County, Tennessee.

8. Ronald Byrd ("Byrd"), is a citizen and resident of Bledsoe County, Tennessee. During all times relevant to this complaint, Byrd was the City of Pikeville Police Chief. Byrd is sued in his individual capacity.

9. David Decker ("Decker"), is a citizen and resident of Bledsoe County, Tennessee. During all times relevant to this complaint, Decker was the City of Pikeville Assistant Police Chief. Decker is sued in his individual capacity.

10. City of Pikeville, Tennessee ("The City") is a municipality within the State of Tennessee. During all times relevant to this Complaint, the City employed Byrd and Decker providing funding, and oversaw decision-making for the City of Pikeville Police Department.

**IV. FACTUAL ALLEGATIONS**

11. On or about October 10, 2023, Bowen's truck, which had numerous stickers on it, was parked near the Pikeville City Hall located at 25 Municipal Drive Pikeville, TN, 37367. Bowen was approached by Byrd and Decker. Both officers were wearing City of Pikeville Police Department uniforms and badges. They cited Bowen for a violation of Tennessee Code Annotated § 55-8-187, which forbids obscene or patently offensive bumper stickers. Bowen's stickers read as follows:

    a. "F*** Biden" (Exhibit A)

    b. "Jawbone of the A**" (Exhibit B)

    c. "In protest of 55-8-187" (Exhibit C)

    d. "Can you eat the hole?" (Exhibit D)

The citation ordered Bowen to appear in Pikeville, Tennessee City Court.

12. According to the City's Town Charter, Section 13 <u>Municipal Court,</u>

> "The recorder shall have jurisdiction over the violation of laws and ordinances of the town. An appeal is available to the Circuit Court. After the ratification of this act, the General Sessions Court shall have jurisdiction over all criminal violations within the municipal boundaries of Pikeville."

It is unknown why Byrd and Decker filed State of Tennessee criminal charges in a municipal court which lacks jurisdiction to preside over cases involving state law violations. The Pikeville City Judge properly transferred Bowen's case to Bledsoe County General Sessions Court, where is was subsequently dismissed. Byrd and Decker had used their positions as City of Pikeville police officers to detain and arrest Bowen without any lawful reason(s).

13. On or about December 14, 2023, Bolin was driving his vehicle within the city limits of Pikeville and county limits of Bledsoe County, Tennessee when Decker initiated a traffic stop on Bolin. Bolin's vehicle displayed numerous stickers and signs, including the following:

   e. "I EAT A**"   (Exhibit E)

   f. "Certified A**box" (Exhibit F)

   g. "B***ies make me smile" (Exhibit G)

   h. "Show me your t***" (Exhibit H)

   i. "Honk if you eat *ss" (Exhibit I)

Decker issued various citations to Bolin for allegedly violating Tenn. Code Ann. § 55-8-187. Bolin was to appear in Bledsoe County General Sessions Court on February 23, 2024.

Decker used his position as a City of Pikeville police officer to detain and arrest Bolin without any lawful reason(s).

14. On or about January 2, 2024, Bowen was walking inside the city limits of Pikeville, Tennessee while carrying a pole adorned with a flag, a sign, and lights. The flag on the pole read, "F*** Biden and F*** you for voting for him. " (Exhibit J) The sign on the pole stated, "If you don't like my flag, you can kiss my rebel a**." (Exhibit I). Byrd stopped Bowen, handcuffed him, and placed him in the back of a patrol vehicle. Byrd told Bowen he was going to jail for the obscene flag and sign. Bowen remained confined to Byrd's patrol car for approximately 30 minutes before he was released and allowed to leave. Despite being handcuffed, held in the back of a patrol car, and threatened by Byrd with jail, Bowen was not charged with a criminal law violation. Again, Byrd used his position as a City of Pikeville police officer to detain and arrest Bowen without any lawful reason(s).

15. Based upon Byrd 's and Decker's conclusions that the above-described stickers, flag and sign are constitutionally obscene, Bolin and Bowen are currently subject to being seized and cited whenever they drive and/or walk within the city limits of Pikeville, Tennessee.

16. Upon information and belief, Byrd and Decker did not review any legal treatises, statutes, or appellate case law which properly define what is and is not obscenity in the United States of America. Byrd and Decker also failed to gain legal advice from the

City's Attorney and/or the Bledsoe County District Attorney General's Office before detaining, arresting , and citing Bolin and Bowen. The acts and omissions of Byrd and Decker took away the freedom and liberties of Bolin and Bowen on repeated occasions.

17. On February 23, 2024, a preliminary hearing on Bolin's criminal charges was held before the Honorable General Sessions Court Judge Howard Upchurch. After Decker's testimony, all cases were bound to the Bledsoe County Grand Jury. The Bledsoe County Grand Jury heard proof and indicted Bolin's cases which are now pending in the Bledsoe County Criminal Court.

18. Upon information and belief, the City's Police Department never previously cited or arrested individuals for violating Tenn. Code Ann. § 55-8-187 before arresting Bolin and twice arresting Bowen.

## COUNT I
## VIOLATION OF CIVIL RIGHTS-DELIBERATE INDIFFERENCE
## FAILURE TO TRAIN, FAILURE TO INVESTIGATE
## CITY OF PIKEVILLE
**(42 U.S.C. § 1983)**

19. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

20. In committing the acts described above, the City acted under the color of state law and with deliberate indifference to Bowen's protected rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution including the

right to free speech and expression, the right to assembly, the right to petition the government for redress of grievances, and the right to be free from unreasonable searches and seizures.

21. The October 10, 2023, arrest of Bowen was the result of the City's failure to properly investigate alleged violations of Tennessee state criminal laws. This failure exposed Bowen to deprivations of his constitutional rights.

22. The October 10, 2023, arrest of Bowen was the result of the City's failure to train its' police officers to properly investigate alleged violations of Tennessee state criminal laws. This failure exposed Bowen to deprivations of his constitutional rights.

23. The October 10, 2023, arrest of Bowen was the result of the City's failure to train its' police officers on proper criminal procedure as dictated by the United States Constitution.

24. The October 10, 2023, citation of Bowen to the wrong court was the result of the City's failure to properly train its' officers such that they were deliberately indifferent to the protected constitutional rights of Bowen.

25. This failure to train and investigate are the direct and proximate result of the damages Bowen sustained due to his false arrest and infringement of his constitutional rights. Had the City properly trained the individual police officer defendants, Bowen would have never been arrested or cited on October 10, 2023.

## COUNT II
## VIOLATION OF CIVIL RIGHTS—DELIBERATE INDIFFERENCE
## FAILURE TO TRAIN, FAILURE TO INVESTIGATE
## DEFENDANT CITY OF PIKEVILLE
## (42 U.S.C. § 1983)

26. Bolin incorporates by reference all allegations above as if restated fully herein verbatim.

27. In committing the acts described above, the City acted under the color of state law and with deliberate indifference to Bolin's protected rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution including the right to free speech and expression, the right to assembly, the right to petition the government for redress of grievances, and the right to be free from unreasonable searches and seizures.

28. The City failed to properly investigate the allegations of the December, 14, 2023 incident which lead to the arrest of Bolin by Decker.

29. The December 14, 2023, arrest of Bolin was the result of the City's failure to train its' police officers to properly investigate alleged violations of Tennessee state criminal laws. This failure exposed Bolin to deprivations of his constitutional rights.

30. The December 14, 2023, arrest of Bolin was the result of the City's failure to train its' police officers on proper criminal procedure as dictated by the United States Constitution. This failure exposed Bolin to deprivations of his constitutional rights.

31. Furthermore, the City failed to properly investigate the December 14, 2023, arrest such that they were deliberately indifferent to the protected constitutional rights of Bolin.

32. This failure to train and investigate are the direct and proximate result of Bolin's damages sustained because of the false arrest and infringement of his constitutional rights. Had the City properly trained the individual police officer defendants, Bolin, would have never been arrested.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS—DELIBERATE INDIFFERENCE**
**FAILURE TO TRAIN, FAILURE TO INVESTIGATE**
**DEFENDANT CITY OF PIKEVILLE**
**(42 U.S.C. § 1983)**

33. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

34. In committing the acts described above, the City acted under the color of state law and with deliberate indifference to Bowen's protected rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution including the right to free speech and expression, the right to assembly, the right to petition the government for redress of grievances, and the right to be free from unreasonable searches and seizures.

35. The City failed to properly investigate the allegations of January 4, 2024,

which lead to the arrest and detainment of Bowen by Byrd.

36. The January 4, 2024, arrest of Bowen was the result of the City's failure to train its' police officers to properly investigate allegations of Tennessee state criminal laws. This failure exposed Bowen to deprivations of his constitutional rights.

37. The January 4, 2024, arrest of Bowen was the result of the City's failure to train its' police officers on proper criminal procedure as dictated by the United States Constitution. This failure exposed Bowen to deprivations of his constitutional rights.

38. Furthermore, the City failed to properly investigate the January 4, 2024, arrest such that they were deliberately indifferent to the protected constitutional rights of Bowen.

39. This failure to train and investigate are the direct and proximate result of Bowen's damages sustained because of the false arrest and infringement of his constitutional rights. Had the City properly trained the individual police officer defendants, Bowen, would have never been arrested or detained.

**COUNT IV**
**VIOLATION OF THE 1st AMENDMENT RIGHT TO**
**FREEDOM OF SPEECH AND EXPRESSION**
**ALL DEFENDANTS**
**(42 U.S.C. § 1983)**

40. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

41. All Defendants, acting under the color of law, arrested Bowen for exercising his right to freedom of speech and expression on October 10, 2023, when he was near his truck which was covered with signs that are not obscenity as defined by the United States Supreme Court.

42. Bowen's arrest was sanctioned and ratified by all Defendants.

43. These actions violated Bowen's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT V
## VIOLATION OF THE 1st AMENDMENT RIGHT TO
## FREEDOM OF SPEECH AND EXPRESSION
## ALL DEFENDANTS
## (42 U.S.C. § 1983)

40. Bolin incorporates by reference all allegations above as if restated fully herein verbatim.

41. All Defendants, acting under the color of law, arrested Bolin for exercising his right to freedom of speech and expression on December 14, 2023, as he was driving his truck which was covered with signs that are not obscenity as defined by the United States Supreme Court.

42. Bolin's arrest was sanctioned and ratified by all Defendants.

43. These actions violated Bolin's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT VI
## VIOLATION OF THE 1st AMENDMENT RIGHT TO
## FREEDOM OF SPEECH AND EXPRESSION
## ALL DEFENDANTS
## (42 U.S.C. § 1983)

40. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

41. All Defendants, acting under the color of law, arrested Bowen for exercising his right to freedom of speech and expression on January 4, 2024, when he was walking around the City's Town Square and other areas within the city limits while carrying a flag and sign which are not obscenity as defined by the United States Supreme Court.

42. Bowen's arrest was sanctioned and ratified by all Defendants.

43. These actions violated Bowen's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT VII
## VIOLATION OF THE 1st AMENDMENT RIGHT TO ASSEMBLY
## ALL DEFENDANTS
## (42 U.S.C. § 1983)

44. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

45. All Defendants, acting under the color of law, arrested Bowen on October 10, 2023, depriving him of his right to assemble to protest President Joe Biden, state statutes,

and other civic related issues.

46. Bowen's arrest was sanctioned and ratified by all Defendants.

47. These actions violated Bowen's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT VIII
## VIOLATION OF THE 1st AMENDMENT RIGHT TO ASSEMBLY
## ALL DEFENDANTS
## (42 U.S.C. § 1983)

52. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

53. All Defendants, acting under the color of law, arrested Bowen for exercising his right to freedom of speech and expression on January 4, 2024, as he walked around the City with signs which are not obscenity as defined by the United States Supreme Court.

54. Bowen's arrest was sanctioned and ratified by all Defendants.

55. These actions violated Bolin's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT IX
## VIOLATION OF THE 4th AMENDMENT TO BE FREE FROM
## FALSE ARREST AND UNLAWFUL SEIZURE
## (42 U.S.C. § 1983)

56. Bowen incorporates by reference all allegations above as if restated

fully herein verbatim.

57. All Defendants, acting under the color of law, arrested Bowen without probable cause and knowingly ignored federal and state law by participating in the illegal seizure and arrest of Bowen on October 10, 2023.

58. Bowen's arrest was sanctioned and ratified by all Defendants.

59. These actions violated Bolin's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT X
## VIOLATION OF THE 4th AMENDMENT TO BE FREE FROM
## FALSE ARREST AND UNLAWFUL SEIZURE
**(42 U.S.C. § 1983)**

56. Bolin incorporates by reference all allegations above as if restated fully herein verbatim.

57. All Defendants, acting under the color of law, arrested Bolin without probable cause and knowingly ignored federal and state law by participating in the illegal seizure and arrest of Bolin on December 14, 2023.

58. Bolin's arrest was sanctioned and ratified by all Defendants.

59. These actions violated Bolin's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT XI
## VIOLATION OF THE 4th AMENDMENT TO BE FREE FROM
## FALSE ARREST AND UNLAWFUL SEIZURE

**(42 U.S.C. § 1983)**

56. Bowen incorporates by reference all allegations above as if restated fully herein verbatim.

57. All Defendants, acting under the color of law, arrested Bowen without probable cause and knowingly ignored federal and state law by participating in the illegal seizure and arrest of Bowen on January 4, 2024.

58. Bowen's arrest was sanctioned and ratified by all Defendants.

59. These actions violated Bowen's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**DAMAGES**

59. As a result of the conduct of all Defendants, Bolin and Bowen have suffered:

   a. Serious mental and emotional distress

   b. Loss of enjoyment of life

   c. Diminished reputation and standing in the community

   d. Out of pocket expenses for defending criminal charges

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

   i. That a jury of 12 persons be empaneled to try this case;

   ii. That Plaintiffs be awarded nominal damages;

   iii. That Plaintiffs be awarded compensatory damages;

iv. That Plaintiffs be awarded punitive damages;

v. That Plaintiffs be awarded all costs, including discretionary costs of trying this action;

v. That Plaintiffs be awarded reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

vi. That Plaintiffs be awarded pre and post judgment interest; and

viii. Such other and general relief as this Honorable Court deems just.

Respectfully submitted,

**PINKSTON LAW, PLLC**

_____/s/Neal Pinkston_____
Neal Pinkston, BPR# 021245
1216 E. Main St., Ste. 206
Chattanooga, TN 37408
Office Number: (423) 654-8326
neal@nealpinkstonlaw.com